```
                  IN THE UNITED STATES DISTRICT COURT

                        FOR THE DISTRICT OF OREGON

ELIZABETH A.O. KENNADAY,                   Civil No. 05-6151-HO

               Plaintiff,                  ORDER

       v.

AMERICAN EAGLE AIRLINES,

                         Defendant.
```

Defendant moves for attorney's fees as a sanction against plaintiff for filing her motion styled "Failure to Comply," which the clerk docketed as a motion for entry of default. Defendant further moves for dismissal of the complaint with prejudice and attorney's fees as sanctions for plaintiff's failure to attend her own deposition in violation of a court order.

## Discussion

By her motion styled "Failure to Comply," plaintiff sought full payment of her claim from defendant based on defendant's allegedly untimely answer. Before plaintiff filed her motion,

counsel for defendant advised plaintiff that the time to answer was suspended while defendant's motion for more definite statement was pending before the court. Webber Aff. (ECF/CM [#22]). Prior to filing defendant's motion for sanctions, counsel for defendant served plaintiff with a draft of its motion for sanctions and applicable portions of the Federal Rules, and advised plaintiff that defendant would not seek sanctions if plaintiff withdrew her motion styled "Failure to Comply." Plaintiff did not withdraw the document. Webber Aff., Upchurch Aff., (ECF/CM [#30, #31]); see Fed. R. Civ. P. 11(c)(1)(A). A reasonable inquiry would have alerted plaintiff that her claim that defendant was in default had no support and was not warranted by existing law or a non-frivolous argument. For failure to conduct that inquiry despite counsel for defendant furnishing plaintiff with the means to conduct the inquiry, the court, in order to deter repetition of such conduct and comparable conduct by others similarly situated, orders plaintiff to reimbursement defendant for its reasonable attorney fees in the amount of $1,372 incurred in responding to plaintiff's "Failure to Comply." Fed. R. Civ. P. 11(c)(2).

The court previously ordered plaintiff to appear at her deposition and warned that failure to appear would result in dismissal of this action. Minutes dated February 14, 2006 (ECF/CM [#45]). After plaintiff did not appear at the appointed

time, defense counsel sent a taxi to plaintiff's home and plaintiff did not answer the door. Webber Decl., (ECF/CM [#50]). Plaintiff is in default. As sanctions for plaintiff's violation of the court's order to attend her deposition, this action is dismissed with prejudice and plaintiff shall pay defendant's reasonable expenses caused by her failure to appear at her deposition. Fed. R. Civ. P. 37(b)(2)(C) &(d). The reasonable expenses, including attorney's fees, total $5,892.97. These expenses are documented in the Weber declaration (ECF/CM [#50]).

## Conclusion

Based on the foregoing, defendant's motion for sanctions [#29] is granted; defendant's motion for dismissal and sanctions [#48] is granted; this action is dismissed with prejudice. Defendant's motion for protective order [#35] is denied as moot. Forthwith, the court will enter judgment providing that plaintiff take nothing, that the action be dismissed with prejudice, and that defendant shall recover of plaintiff $7264.97 and costs.

IT IS SO ORDERED.

DATED this __28th__ day of April, 2006.

                                    s/ Michael R. Hogan
                                   United States District Judge